UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WYANE PALSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> PAT HORN, *et al*., <br><br> Defendants. | Case No. 1:25-cv-00682-HBK (PC) <br><br> ORDER TO RANDOMLY ASSIGN A DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITHOUT PREJUDICE AND LEAVE TO FILE AMENDED COMPLAINT[1] <br><br> (Doc. No. 9) <br><br> FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's Complaint. (Doc. No. 9, "Complaint") filed on July 9, 2025. For the reasons set forth below, the undersigned recommends the district court dismiss the Complaint without prejudice with leave to file an amended complaint.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and
2  dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon
3  which relief may be granted, or if it seeks monetary relief from a defendant who is immune from
4  such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

5  At the screening stage, the court accepts the factual allegations in the complaint as true,
6  construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v.*
7  *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.
8  2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or
9  unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.
10 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual
11 basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

12 The Federal Rules of Civil Procedure require only that a complaint include "a short and
13 plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).
14 Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient
15 factual detail to allow the court to reasonably infer that each named defendant is liable for the
16 misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,
17 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not
18 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
19 *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not
20 required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21 statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required
22 to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.
23 2009) (internal quotation marks and citation omitted).

24 If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant
25 is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v.*
26 *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d
27 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a *pro se* litigant on
28 how to cure the defects. Such advice "would undermine district judges' role as impartial

1  decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131
2  n.13.

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 in Eastern District of California on July 9, 2025.[2] (Doc. No. 9). On July 24, 2025, the undersigned screened Plaintiff's Complaint and found that it failed to state any cognizable constitutional claim. (*See* Doc. No. 15). The Court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to elect one of the following three options: (1) file an amended complaint; (2) file a notice to stand on the current Complaint subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in the screening order; or (3) file a notice of voluntary dismissal. (*Id.* at 9-10).[3]

On August 25, 2025, as opposed to selecting one of the three options, Plaintiff filed a pleading titled "Motion to Grant Petition for Statement of Claim." ("Motion" Doc. No. 18). In his pleading, Plaintiff alleges no additional facts to support any of the claims made in his Complaint. (*See* Doc. No. 18). Instead, Plaintiff attaches his screened Complaint and states that he "did include sufficient factual allegations to satisfy each element of [his] claim" in his Complaint. (*Id.* at 5). Because Plaintiff makes no new allegations in the pleading and contends the Complaint did state a claim, the Court construes the pleading as a Notice to Stand on his Complaint.[4]

The events giving rise to the Complaint occurred while Plaintiff was housed at California Department of Corrections and Rehabilitation ("CDCR") Kern Valley State Prison facility ("KVSP"). (S*ee generally* Doc. No. 9). Plaintiff brings this action against the following

---

[2] The Court struck the initial complaint which was unsigned. (Doc. No. 6).

[3] All document and page numbers are to the respective pleadings' document number and page number as reflected on the Court's Case Management and Electronic Filing System (CM/ECF).

[4] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.*

Defendants in both their individual and official capacities: (1) Pat Horn (Warden, KVSP), (2) Chen Ho (Physician Assistant, KVSP), and (3) Dr. Freeman (Surgeon, Adventist Hospital). (*Id*. at 1-2). The following facts alleged in the Complaint are presumed true at this stage of the procedural process.[5]

Plaintiff generally claims Defendants violated his constitutional rights in connection with an unspecified medical condition for which he underwent carpal tunnel surgery, contracted gangrene, and eventually had two fingers amputated. (*Id*. at 2-5). The asserted facts are somewhat disjointed but appear to span an unspecified period of time from the initial medical consultation through surgical intervention and, ultimately, amputation. (*Id*.).

As to Defendant Pat Horn, KVSP Warden, Plaintiff claims Horn is liable for "failing to protect" Plaintiff's federal and state right. (*Id*. at 2). He attributes liability to Horn "for his subordinates staff" and hiring inadequate outside staff. (*Id*. ).

As to KVSP Physician Assistant Chen Ho, Plaintiff contends that Ho's actions were undertaken with a "malicious and sadistic intent." (*Id*. at 4). Plaintiff claims his amputation resulted for an untreated blood clot and infection. (*Id*. at 14).

As to Dr. Freeman, the Complaint states Freeman is a an outside contractor of CDCR and acted with in a "malicious and sadistic manner" by performing carpel tunnel surgery on the wrong wrist. (*Id*. at 5).

Plaintiff claims the Defendants' respective conduct violated his rights under the "5th, 6th, 14th, and 8th Amendments."[6] (*Id*. at 3). As relief, Plaintiff seeks $2.5 million in compensatory damages. (*Id*. at 6).

////

////

////

---

[5] The Complaint refers to exhibits demonstrating exhaustion. (See Doc. No. 9 at 3). A copy of a "Daily Program Status Report" effective June 12, 2025 is attached to the Complaint. (Doc. No. 9 at 8-11). The exhibit does not address exhaustion and is not otherwise referenced in the Complaint and the Court cannot discern any reason for its inclusion.

[6] The Court liberally construes the allegations in the Complaint as alleging an Eighth Amendment medical deliberate indifference claim due to Plaintiff's status as a prisoner.

**APPLICABLE LAW AND ANAYSIS**

**1. Official Capacity Claims**

The Complaint sues all Defendants in both their official and individual capacities and seeks only monetary damages. The Eleventh Amendment bars a federal court action for damages brought by a citizen against the state. U.S. Const., Amend. XI; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Graham*, 473 U.S. at 169. A claim against any correctional officer or state official in their official capacity is deemed an action against the state. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (when state officials are named in their official capacities for monetary damages the action is deemed against the state). Thus, the claims brought against the Defendants in their official capacity are barred by the Eleventh Amendment and are subject to dismissal.

**2. Color of State Law – Dr. Freeman**

To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). In certain cases, a private defendant can be liable under § 1983 for actions under color of state law. *West v. Atkins*, 487 U.S. 42, 54 (1988) However, to prescribe state action to a private doctor, courts must look to the relationship between the state, the physician, and the prisoner, rather than relying solely upon whether a physician is on the state's payroll or is a party to a state contract. *Id*. at 56; *see also id*. at 55–56 ("It is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State.... Contracting out prison medical care ... does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."). At this stage of the screening process only, the Court considers Plaintiff's allegation Dr. Freeman was a contracted doctor with CDCR to sufficient to allege Freeman was a state actor.

**3. Supervisory Liability -KVSP Warden Pat Horn**

Liability under section 1983 arises only upon a showing of personal participation by the defendant. "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880

1  F.2d 1040, 1045 (9th Cir.1989) (citations omitted).  A supervisor is only liable for constitutional
2  violations of his subordinates if the supervisor participated in or directed the violations or knew of
3  the violations and failed to act to prevent them.  *Id.*, *see also Starr v. Baca*, 652 F.3d 1202, 1206–
4  07 (9th Cir. 2011).

5  Here, the Complaint names Defendant Pat Horn, KVSP Warden but alleges no personal
6  participation by Horn or knowledge of any delay to Plaintiff's medical.  Instead, the Complaint
7  attributes liability to Horn solely based on supervisory position as Warden.  Because the
8  Complaint is devoid of any facts alleging Horn personally participated in or knew of the alleged
9  medical deliberate indifference suffered by Plaintiff and failed to prevent it, the Complaint fails to
10 state a claim against Defendant Horn.

### 4. Rule 8 and Eighth Amendment Medical Deliberate Indifference

12  Deliberate indifference to the serious medical needs of an incarcerated person constitutes
13 cruel and unusual punishment in violation of the Eighth Amendment.  *See Estelle v. Gamble,* 429
14 U.S. 97, 104 (1976).  To maintain an Eighth Amendment claim premised on prison medical
15 treatment, the prisoner must show that officials were deliberately indifferent to his serious
16 medical needs.  A finding of "deliberate indifference" involves an examination of two elements:
17 the seriousness of the plaintiff's medical need (determined objectively) and the nature of the
18 defendant's response (determined by defendant's subjective state of mind).  *See McGuckin v.*
19 *Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc.*
20 *v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).  On the objective prong, a "serious"
21 medical need exists if the failure to treat "could result in further significant injury" or the
22 "unnecessary and wanton infliction of pain."  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.
23 2014).  On the subjective prong, a prison official must know of and disregard a serious risk of
24 harm.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Such indifference may appear when a
25 prison official intentionally denies or delays care, or intentionally interferes with treatment once
26 prescribed.  *Estelle,* 429 U.S. at 104-05.

27  If, however, the official failed to recognize a risk to the plaintiff—that is, the official
28 "*should* have been aware" of a risk, but in fact was not—the official has not violated the Eighth

1  Amendment. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in

2  original). That is because deliberate indifference is a higher standard than medical malpractice.

3  Thus, a difference of opinion between medical professionals—or between the plaintiff and

4  defendant—generally does not amount to deliberate indifference. *See Toguchi v. Chung*, 391

5  F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or

6  treat a condition generally reflects such differences of opinion and not deliberate indifference.

7  *Estelle*, 429 U.S. at 107. To prevail on a claim involving choices between alternative courses of

8  treatment, a plaintiff must show that the chosen course "was medically unacceptable under the

9  circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's

10 health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

11       Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429

12 U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d

13 1062, 1082 (9th Cir. 2013). Misdiagnosis alone is not a basis for a claim of deliberate medical

14 indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). A delay in treatment,

15 without more, is likewise insufficient to state a claim. *Shapley v. Nevada Bd. of State Prison*

16 *Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). It is only when an official both <u>recognizes</u> and

17 <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists. *Peralta v.*

18 *Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). A plaintiff must also demonstrate harm

19 from the official's conduct. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). And the

20 defendant's actions must have been both an actual and proximate cause of this harm. *Lemire*, 726

21 F.3d at 1074.

22       As an initial matter, the Complaint does not identify a date or when any of the alleged

23 action or inaction occurred and further violates Rule 8 because Plaintiff does not allege

24 the specific dates that the misconduct occurred. *See Cervantes v. Elsen*, 2023 WL 3483292 (N.D.

25 Cal. May 15, 2023) (allegations that the misconduct occurred from 2022 to 2023 was not a

26 specific date); *Valenzuela v. Monson*, 2020 WL 1812043, at *2 (D. Ariz. Apr. 8, 2020); *Fisher v.*

27 *Washington State Department of Corrections*, 2019 WL 1745086, at *1 (W.D. Wash. Apr. 18,

28 2019) (the complaint violated Rule 8 of the Federal Rules of Civil Procedure because, among

other reasons, it did not provide a specific date and therefore it did not "provide the defendants fair notice of what the claim is ..."); *Walker v. Muniz*, 2019 WL 2359229, at *4 (N.D. Cal. Jun. 4, 2019) (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) when explaining the specific date must be alleged to meet the requirement of giving defendants fair notice); *McIntosh v. City of L.A.*, 2005 U.S. Dist. LEXIS 53641, at *5 (C.D. Cal. Jul. 21, 2005) (citing *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)).

Further, the Complaint is replete with conclusory allegations that lack factual specificity. (*See generally* Doc. No. 9). More particularly, as to Defendant Ho, the Complaint characterizes his actions as as malicious and sadistic, but these conclusory assertions are unsupported by factual detail. As pointed out in the screening order, the Complaint fails to allege <u>facts</u> to support Plaintiff's conclusory allegations that Ho intentionally denied care, delayed treatment despite awareness of harm, or interfered with a prescribed medical course. For instance, the Complaint fails to identify any date(s) of when Plaintiff initially sought treatment from Ho, what symptoms he presented with necessitating medical treatment, what treatment, if any, that Ho provided or withheld, and facts from which the Court can infer that Ho possessed subjective knowledge of a substantial risk of serious harm for the delay. Without more, the assertion of mere delay without any factual detail is insufficient to establish deliberate medical indifference. *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must allege facts from which the court can infer that the delay caused "significant harm and that defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (emphasis added). Because the Complaint is devoid of any facts as to Plaintiff's interactions with Ho, *i.e.* date(s) of Plaintiff's interactions with Ho, what symptoms he was exhibiting, what treatment, if any, Ho provided, the undersigned finds the Complaint, as plead, fails to state an Eighth Amendment deliberate indifference claim against Ho.

As to Defendant Freeman, Plaintiff attributes liability solely based on Freeman performing surgery on the wrong wrist, and Plaintiff's eventual amputation. (*Id*. at 4). Plaintiff describes Freeman's conduct as sadistic and malicious but again fails to provide sufficient factual

support. Again, there is no date as to when Freeman provided surgery, and date when Plaintiff developed gangrene. Nor does the Complaint contain any allegations from which the Court may infer that Freeman's actions amounted to anything more than misdiagnosis or medical malpractice. Allegations sounding in medical negligence, even if serious, do not satisfy the deliberate indifference standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

For these reasons, the undersigned finds that the Complaint fails to allege sufficient facts to articulate a deliberate indifference claim against either Ho or Freeman. The Complaint lacks the specificity, factual content, and plausible theory of constitutional liability necessary to state a claim for relief.

### 5. State Law Claims

Plaintiff's Complaint alleges medical malpractice claims but does not allege that he complied with the notice and exhaustion requirements of the Government Claims Act ("GCA") with respect to his pendent state law claims. Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 945.4, 950–950.2. Under the GCA, a claimant may not maintain a state law tort cause action for damages against a public employee or "local public entity" unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it. *See* Cal. Gov't.Code §§ 900.4, 905, 905.2, 945.4, & 950.2. State law claims are subject to dismissal for failure to comply with GCA. *See Karim–Panahi v. LA. Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988). If Plaintiff has not done so, he must submit any such claim "not later than six months after the accrual of the cause of action." See Cal. Gov't.Code § 911.2. Further, even if properly plead, the Court may decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Because Plaintiff's Complaint does not allege that he complied with the GCA exhaustion requirements, the state law claims in the Complaint are subject to dismissal.

### OPPORTUNITY TO AMEND

The Court pointed out the above deficiencies in its Screening Order. (*See* Doc. No. 15). Specifically, the Court advised Plaintiff that his Complaint failed to state any claim but afforded

9

1  Plaintiff the opportunity to file an amended complaint. "Although leave to amend should be given
2  freely, a district court may dismiss without leave where a plaintiff's proposed amendments would
3  fail to cure the pleading deficiencies and amendment would be futile." *Cervantez v. Countrywide*
4  *Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).   Here, however, the undersigned does
5  not find it clear that amendment would not cure the pleading deficiencies in Plaintiff's complaint
6  as to his claims brought against the defendants in their individual capacities.  Thus, the
7  undesigned recommends that the Plaintiff be permitted leave to file an amended complaint.

ACCORDINGLY, it is **ORDERED**:

1. The Clerk terminate  Plaintiff's Motion to Grant Petition for Statement of Claim (Doc. No. 18) which the Court construes a notice to stand on his complaint.
2. The Clerk randomly assign this case to a district judge for consideration of these Findings and Recommendation.

It is further **RECCOMENDED**:

1. The Complaint (Doc. No. 9) be dismissed without prejudice under § 1915A for failure to state a claim.
2. Plaintiff be granted leave to file an amended complaint within thirty (30)  days of the district court's adoption of these Findings and Recommendations.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Id.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

10

636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    October 8, 2025

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE